IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| A.H., a minor, by his father and next friend, KEITH HOLZMUELLER, ) ) ) Plaintiff, ) ) v. ) ) ILLINOIS HIGH SCHOOL ASSOCIATION, ) an unincorporated association, ) ) Defendant. ) | Case No. 1:16-cv-01959<br><br>Judge John J. Tharp, Jr. |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT IHSA TO COMPLY WITH 30(b)(6) DEPOSITION NOTICE**

NOW COMES Plaintiff, A.H., by his father and next friend, Keith Holzmueller, through his attorneys, respectfully moves this Court, pursuant to Fed. R. Civ. P. 37(a), to compel Defendant Illinois High School Association's ("IHSA") to designate and produce for deposition a corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6). In support of his motion, Plaintiff states:

1. Discovery in this case commenced on April 7, 2016, and is currently ongoing.

2. On June 30, 2016, Plaintiff served upon Defendant a Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Ex. A., Notice of 30(b)(6) Deposition. In the Notice, Plaintiff included a list of thirteen topics he sought information on and tentatively scheduled the deposition for July 19, 2016, subject to consultation with Defendant's counsel. *Id*.

3. In response, Defendant indicated that it was unwilling to discuss the Rule 30(b)(6) deposition because it needed to resolve certain written discovery issues first. Ex. B, Email from M. Hefflefinger to L. Fogel, dated June 30, 2016.

4. On July 7, 2016, Plaintiff and Defendant met and conferred by telephone. During that meeting, Defendant confirmed that it would not comply with the 30(b)(6) notice until after the resolution of Defendant's pending motion to dismiss and a dispute regarding Plaintiff's objections to Defendant's discovery responses. Ex. C, Letter from M. Hefflefinger to L. Fogel.

5. On July 15, 2016, Plaintiff again attempted to establish dates upon which Defendant's corporate witness(es) would be available for deposition. Ex. D, Email and Letter from L. Fogel to M. Hefflefinger. Defendant did not respond to this correspondence.

6. On July 20, 2016, the Court denied Defendant's motion to dismiss as to Counts Two, Three, Four, and Five of the Complaint. (Dkt. 45.) The Court granted, without prejudice, Defendant's motion to dismiss only on Count One of the Complaint. Further, the Court also denied Defendant's motion to compel regarding Plaintiff's objections. *Id.*

7. On July 21, 2016, Plaintiff followed up again with Defendant in another attempt to establish potential dates for the 30(b)(6) deposition. Ex. E, Email and Letter from L. Fogel to M. Hefflefinger. And again Defendant did not respond to this correspondence.

8. On July 26, 2016 Plaintiff followed up for the third time with Defendant to schedule the 30(b)(6) deposition, and included a request to meet and confer on this topic. Ex. F, Email and Letter from L. Fogel to M. Hefflefinger.

9. The parties met and conferred on July 28, 2016. During this call, Defendant indicated that it would not comply with the 30(b)(6) notice until after Defendant deposes Plaintiff A.H. and both his parents. This was the first time Defendant raised an objection based

on its purported need to depose Plaintiff and his parents prior to the 30(b)(6) deposition. Defendant explained that this was required to know what topics Plaintiff will be asked about in the deposition. In response, Plaintiff pointed out that this demand for first deposing the Holzmuellers was "groundless" and that "the topics of the 30(b)(6) depositions are listed in the notice, so you do not need to depose the Holzmuellers to know what the topics will be." Ex. G, Email from A. Salander to T. Pratt, dated July 29, 2016.

10. Tellingly, Defendant has not served a notice of deposition on Plaintiff. Nevertheless, in an effort to move this case forward without further delay, Plaintiff has provided proposed dates (August 9-11) in for which A.H. and his parents are available to be deposed. *Id.*

11. "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). Once a party notices an association for deposition, the named association "***must*** then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6) (emphasis added); *see also Chicago Reg'l Council of Carpenters Pension Fund v. Woodlawn Cmty. Dev. Corp.*, No. 09 CV 3983, 2011 WL 6318605, at *4 (N.D. Ill. Dec. 15, 2011) ("Federal Rule of Civil Procedure 30(b)(6) states that when a party notices a corporation for deposition, the latter must "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf.'").

12. If a party fails to make a designation under Rule 30(b)(6), the discovering party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(ii); *see also Fed. Deposit Ins., Corp. v. Giancola*, No. 13 C 3230, 2015 WL 5559804, at *4 (N.D. Ill. Sept. 18, 2015) (granting defendant's motion to compel Rule 30(b)(6)

-3-

deposition and ordering plaintiff to produce witness(es) to testify on the matters set forth in the notice of deposition); *Chicago Reg'l Council of Carpenters Pension Fund*, 2011 WL 6318605, at *5, Dkt. 50 (N.D. Ill. Dec. 15, 2011) (granting plaintiff's motion to compel defendant to produce its Rule 30(b)(6) representatives)

13. Plaintiff, in good faith, has met his meet and confer obligations under Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.2. Plaintiff, has engaged in two telephone conferences (dated July 7, 2016, and July 28, 2016) and has sent four letters or emails (dated June 30, 2016, July 15, 2016, July 21, 2016, and July 26, 2016) in an effort to obtain discovery compliance from IHSA.

14. Despite these repeated attempts at reaching a resolution, IHSA has failed to comply with its discovery obligations by refusing to provide any dates for the noticed 30(b)(6) deposition.

15. IHSA's initial excuse for not complying with the 30(b)(6) notice was because it was premature pending its motion to dismiss and motion to compel. This Court resolved both of these matters on July 20, 2016. Now IHSA is refusing to comply with the 30(b)(6) notice because it asserts that it must first depose A.H. and his parents.

16. Defendant's assertion that it must depose A.H. and his parents first in order to know what topics Plaintiff will ask its 30(b)(6) is groundless. Plaintiff has provided a list of thirteen specific topics it intends to seek discovery on and the Notice of Deposition contains a "definitions" section so that there is no ambiguity in the identified topics.

17. During the telephone call on July 28, 2016, the parties tentatively agreed on a proposed case schedule that has the cutoff for fact discovery in late December 2016, with trial scheduled for July 2017. Plaintiff has a very strong interest in resolving this case as soon as

possible because this case concerns his ability to participate in high school sports, and Plaintiff will be a junior during the 2016-2017 academic year. It is therefore imperative that Defendant comply with its discovery obligations in a timely manner.

## CONCLUSION

WHEREFORE, Plaintiff A.H., respectfully moves this Court to compel Defendant IHSA to designate and produce its 30(b)(6) witness(es) for deposition as soon as possible, preferably not later than August 31, 2016 (so as not to interfere with the academic school year), and for such other relief this Court deems proper.

Dated: August 1, 2016                                             Respectfully submitted,

                                                                  By:    /s/ Louis E. Fogel

Louis E. Fogel
Shaun M. Van Horn
Abraham M. Salander
Ren-How H. Harn
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456

*Attorneys for Plaintiff*

-6-

## **CERTIFICATE OF SERVICE**

I certify that on this 1st day of August, 2016, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys for Defendant:

Matthew S. Hefflefinger
Tyler J. Pratt
HEYL, ROYSTER, VOELKER & ALLEN
300 P.O. Box 6199
Peoria, Illinois 61602
Email: mhefflefinger@heylroyster.com
Email: tpratt@heylroyster.com

Brett M. Mares
HEYL, ROYSTER, VOELKER & ALLEN
33 North Dearborn Street
7th Floor
Chicago, Illinois, 60602
Email: bmares@heylroyster.com

/s/ Louis E. Fogel