# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| A.H., a minor, by his father and next friend, KEITH HOLZMUELLER, <br><br>　　　　　　Plaintiff, <br><br>　v. <br><br>ILLINOIS HIGH SCHOOL ASSOCIATION, an unincorporated association, <br><br>　　　　　　Defendant. | Case No. 1:16-cv-01959 <br><br> Judge John J. Tharp Jr. |

**NOTICE OF DEPOSITION OF THE ILLINOIS HIGH SCHOOL ASSOCIATION
PURSUANT TO FED. R. CIV. R. 30(B)(6)**

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff A.H., by his counsel, will take a video deposition of the Illinois High School Association ("IHSA") on the topics identified below. The deposition upon oral examination will commence at 9:00 am on July 19, 2016 at the offices of Jenner & Block, 353 N. Clark St, Chicago, IL, or at such other time and place as may be agreed to by counsel. The deposition will be taken before an officer authorized to administer oaths by the laws of the United States and will be recorded by stenographic and/or videographic means. The deposition will continue from day to day until completed.

IHSA will be examined by designating one or more of its officers, directors, agents, or other persons designated to testify on its behalf regarding the topics set forth below, such person(s) being sufficiently knowledgeable to testify thoroughly and truthfully regarding such topics. IHSA is requested to provide Jenner & Block, via written notice at least one week in

advance of the deposition, the name and employment position of each designee who will testify on IHSA's behalf and the subject matter set forth below on which each designee will testify.

## DEFINITIONS

1. As used herein, "Plaintiff" means ▮▮▮▮▮▮▮▮▮▮

2. As used herein, "IHSA," and "your" means the Illinois High School Association, the Board of Directors, the Legislative Commission, Advisory Committees, Administrative and Support Staff and includes (a) any of their predecessors, divisions, and departments; and (b) each of their present and former officers, directors, employees, agents, attorneys, representatives, or any other person or entity acting for Defendant or purporting to act on Defendant's behalf.

3. As used herein, "document" and "documents" shall be defined in the broadest sense allowed by Fed. R. Civ. P. 26, and shall include any written, electronic, or graphic matter however produced or reproduced. These terms generally include writing, drawings, graphs, charts, phone records, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably useable form. These terms also include photographs and videos. These terms further specifically include your internal and external communications including, but not limited to, correspondence, letters, e-mails, instant messages, text messages, memoranda, notes, transcriptions, reports, contracts, agreements, leases, conveyances, assignments, financial documents, books, pamphlets, bulletins, records, accounts, bills, minutes, calendar and diary entries, appointment books, time sheets, log sheets, ledgers, compilations, studies, tabulations, maps, diagrams, papers, pictures, computer runs, and any translations of the foregoing. A draft of a non-identical copy is a separate document within the meaning of the term "document."

4. As used herein, "communications" means all oral conversations, discussions, letters, telegrams, memoranda, documents, telephone conversations, or conferences, electronic transmissions, e-mail, facsimile transmissions and any other transmission of thoughts, information or ideas in any form, whether written or oral.

5. As used herein, "concerning" means, without limitation, concerning, relating to, referring to, consisting of, connected to, constituting, regarding, reflecting, describing, effecting, proving, supporting, evidencing, or having a tendency to prove or disprove the matter referred to.

6. As used herein, "includes" and "including" mean "including, but not limited to," and should not be construed to limit in any way the request in which it is used.

7. As used herein, "Accommodation Requests" means requests by or on behalf of any student for a modification or accommodation in an IHSA sponsored or sanctioned event, including without limitation requests by students with disabilities for accommodations related to their disability.

## TOPICS FOR 30(B)(6) DEPOSITION

1. IHSA's financial activities, including without limitation your revenues and sources of funding, any transactions or initiatives undertaken to further the fulfillment of your economic goals, the organization and maintenance of your financial accounts, your expenditures on services provided to the public, and other business activities for the fiscal years from 2011-2015.

2. IHSA's organizational structure, including without limitation your hierarchical operations and the individual(s) in charge of your policies, administration, task allocation, supervision, terms and conditions, and the general achievement of your organizational aims.

3. The benefits IHSA's Board of Directors receive for serving on your Board or any subcommittee, including without limitation any forms of financial compensation, stipend, or reimbursement.

4. The election process for IHSA's Board of Directors, including without limitation when and where your elections take place, the number of Board seats open annually, and your qualifications for eligible candidates, voters, and any proxies.

5. IHSA's Athletes with Disabilities Subcommittee including without limitation how decisions are made, how committee members are selected, the review process, and the individual(s) in charge of these decisions.

6. The locations of all IHSA sanctioned or sponsored events.

7. The management of all IHSA events, including your operation, sponsorship, or sanctioning of activities in Illinois.

8. All facts and circumstances relied upon by IHSA in reviewing Accommodation Requests, including without limitation your policies, memoranda, analyses, reports,

communications, and appeals and the individual(s) in charge of these decisions and how they are authorized to do so.

9. All facts and circumstances relied upon by IHSA in your decision to provide accommodations for wheelchair-bound athletes, including without limitation your policies, memoranda, analyses, reports, communications, and appeals and the individual(s) in charge of these decisions.

10. All facts and circumstances relied upon by IHSA in relation to Plaintiff's Accommodation Request and Appeal, including without limitation your policies, memoranda, analyses, reports, and communications.

11. The identity and location of documents responsive to Plaintiff's Request for Production.

12. IHSA's responses to Plaintiff's Requests for Discovery.

13. IHSA's policies for document collection, retention, and holds and the individual(s) in charge of such policies.

Dated: June 30, 2016            Respectfully submitted,

By:   /s/ Louis E. Fogel

Louis E. Fogel
Shaun M. Van Horn
Abraham M. Salander
Ren-How H. Harn
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 30th day of June, 2016, a true and correct copy of the foregoing was served upon the following counsel by United Stated Mail and electronic mail:

Matthew S. Hefflefinger
Tyler J. Pratt
HEYL, ROYSTER, VOELKER & ALLEN
300 P.O. Box 6199
Peoria, Illinois 61602
Email: mhefflefinger@heylroyster.com
Email: tpratt@heylroyster.com

Brett M. Mares
HEYL, ROYSTER, VOELKER & ALLEN
33 North Dearborn Street
7th Floor
Chicago, Illinois, 60602
Email: bmares@heylroyster.com

/s/ Louis E. Fogel